**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD MARTIN SHEARS,

     Petitioner,            Case No. 2:06-11069

v.                           HONORABLE GERALD E. ROSEN
                                 UNITED STATES DISTRICT JUDGE

PATRICIA M. CARUSO,

     Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Donald Martin Shears, ("petitioner"), presently on probation with the Michigan Department of Corrections, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Daniel J. Blank, petitioner challenges his conviction for second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a). For the reasons stated below, the petition for a writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> This case arises from allegations that defendant engaged in sexual
> contact with the complainant in the restroom of a local store.
> ********************************************************************************
> At trial, the complainant testified that he was in the restroom at a local
> grocery store when a man allegedly punched him in the groin and solicited
> him for sex. The complainant did not identify defendant as the man who had
> hit and solicited him. The complainant's mother confirmed that when her son

1

came out of the restroom he seemed upset and eventually told her what had transpired. She claimed that defendant was the only other person to come out of the restroom, and that he had done so approximately five minutes before her son did. She also admitted, however, that her son told her that he was not sure that defendant was the man who touched him, and that she left that area of the store right after her son came out and thus did not see if anyone came out of the restroom after her son. Defendant testified that he was at the store shopping with his wife at the time the incident occurred and that he had entered the restroom and used the urinal. He claimed that he noticed a person, whom he assume was the complainant, enter the restroom. Defendant testified that he did not look at the complainant, talk to him, or touch him. Defendant testified that he did not know if anyone else was in the restroom, and that he left about thirty or forty seconds after the complainant entered.

During deliberations, the jury sent out a note asking if character witnesses were allowed to testify. The court responded that the jury should consider the evidence heard and the exhibits admitted. The jury thereafter returned a guilty verdict. The trial court denied defendant's subsequent motion for a directed verdict or a new trial, but granted his motion for a *Ginther* hearing. Although the court expressed some concern about counsel's failure to call character witnesses in light of the jury's question during deliberations, it denied defendant's motion for new trial based on alleged ineffective assistance of counsel.

*People v. Shears,* No. 252396, * 1-2 (Mich.Ct.App. May 24, 2005).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 474 Mich. 910, 705 N.W.2d 130 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

I. Petitioner was denied his Sixth Amendment right to effective assistance of counsel.

(a)

Defense counsel's failure to call any character witnesses constituted ineffective assistance. [1]

---

[1] In the answer to the petition for writ of habeas corpus, respondent has addressed several other ineffective assistance of counsel claims that were raised by petitioner in his appeal before the Michigan Court of Appeals. However, petitioner's counsel has not included these ineffective assistance of counsel claims in his petition for writ of habeas corpus or the accompanying brief in support. The petition for writ of habeas corpus, and not briefs or other documents, provides the basis for granting a writ of habeas corpus. *See Scott v. Hopkins,* 82 F. Supp. 2d 1039, 1050 (D. Neb. 1999). Although these additional ineffective

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

---

assistance of counsel claims were raised by petitioner before the Michigan courts, he has not included them in his petition.  A federal district court is not required to review an issue merely because it was raised before the state appellate court, where the habeas petitioner fails to list it as a ground for habeas relief or to argue the issue in any supporting memorandum that is attached to the habeas petition. *See Toro v. Fairman,* 940 F. 2d 1065, 1066-67 (7th Cir. 1991).  This Court therefore declines to address any ineffective assistance of counsel claims which have not been raised in the petition for writ of habeas corpus. *Scott,* 82 F. Supp. 2d at 1050.

### III.  Discussion

**A.   Claim # 1.   Petitioner was not deprived of the effective assistance of counsel.**

Petitioner claims that his trial counsel was ineffective for failing to call character witnesses on his behalf.

The Michigan Court of Appeals rejected petitioner's claim, finding that counsel's decision not to call character witnesses was a strategic one.  Petitioner's counsel had testified at the *Ginther* hearing [2] that his trial strategy was three-pronged.  First, counsel wanted to show that the complainant and his mother were mistaken in their identification of petitioner.  Secondly, counsel thought that by bringing out significant inconsistencies in the statements made by the complainant and his mother, he could create a reasonable doubt as to petitioner's guilt.  Finally, counsel sought to argue that any alleged contact could not have been for sexual gratification. *Shears,* Slip. Op. at * 2.

Petitioner's counsel testified further at the *Ginther* hearing that he and petitioner were concerned that if character witnesses were presented, this would open the door to the fact that petitioner was a Boy Scout leader, which could have negative implications in a child sexual abuse case.  Counsel also testified that he was concerned that he could not control any negative information which might be elicited on cross-examination of any character witnesses.  Counsel also testified that he was afraid that the jury might become bored if the trial continued with a "parade of character witnesses."  Finally, counsel testified at the *Ginther* hearing that the decision to refrain

---

[2]  *People v. Ginther,* 390 Mich. 436; 212 N.W. 2d 922 (1973).

from calling character witnesses was not made until petitioner had testified. Counsel believed that petitioner had testified well, particularly on cross-examination, making additional witnesses unnecessary. The Michigan Court of Appeals held that even with the jury's concern about character witnesses, the court could not conclude that counsel's performance was objectively unreasonable. *Shears,* Slip. Op. at * 3.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

"[W]hether or not to call a character witness is eminently a tactical decisions (sic) that another court is not in a good position to second-guess. Absent an extraordinary showing by the petitioner, such a claim will not merit a finding that trial counsel performed below the constitutional minimum." *Jelinek v. Costello*, 247 F. Supp. 2d 212, 289 (E.D.N.Y. 2003). The Supreme Court has, in fact, found more limited investigations into a defendant's background to be justified where any evidence presented would have a "double edge." *Carter v. Mitchell*, 443 F.3d 517, 532 (6th Cir. 2006); *cert. den.* 127 S. Ct. 955 (2007)(citing *Wiggins v. Smith*, 539 U.S. 510, 535 (2003)).

Petitioner's counsel testified that he chose not to present character witnesses because he was concerned that this would open the door to the fact that petitioner was

a Boy Scout leader, which could raise negative implications in the jury's mind in a case involving an alleged sexual assault on a minor. Counsel was also concerned that the prosecutor might elicit other negative information about petitioner during the cross-examination of these character witnesses. Counsel's decision to forego presenting character testimony, so as to avoid opening the door to potentially damaging information about petitioner, is a valid trial strategy that defeats petitioner's claim. *See Burger v. Kemp,* 483 U.S. 776, 792 (1987)(counsel's decision not to present character witnesses was not unreasonable because prior convictions might have been introduced on cross-examination); *See also Tinsley v. Million,* 399 F. 3d 796, 809 (6th Cir. 2005); *Payne v. Bell,* 418 F. 3d 644, 667 (6th Cir. 2005). Regarding the use of character evidence, the Sixth Circuit has noted that "[S]omething, ....is not always better than nothing given the risk that every positive argument by a defendant potentially opens the door to a more-harmful response." *Tinsley,* 399 F. 3d at 810. The Sixth Circuit has also noted that it is "[n]ot even deficient performance, let alone prejudicial," for a defense attorney to fail to introduce evidence of a defendant's background that "would likely [make] him look even worse to the jury." *Moore v. Parker*, 425 F. 3d 250, 254 (6th Cir. 2005). Given defense counsel's tactical concern that the presentation of character witnesses might open the door to damaging information, the Michigan Court of Appeals' rejection of petitioner's ineffective assistance of counsel claim was not an unreasonable application of *Strickland,* so as to entitle petitioner to habeas relief. *Payne,* 418 F. 3d at 667.

Petitioner's counsel also chose not to call character witnesses, because he believed that petitioner had testified well, thus, eliminating the need for calling

additional witnesses.  This decision, too, is a strategic one that defeats petitioner's claim that counsel was ineffective for failing to call character witnesses. *See e.g. Marra v. Larkins,* 111 F. Supp. 2d 575, 585 (E.D. Pa. 2000)(trial counsel's decision not to call character witnesses at defendant's murder trial because he believed that the prosecution had not met its burden of proof was reasonable strategic decision and, thus, did not constitute ineffective assistance of counsel); *Lovern v. U.S.,* 689 F. Supp. 569, 590 (E.D. Va. 1988)(decision not to interview additional character witnesses was within wide range of reasonable professional assistance of counsel; defense counsel believed that they could establish that defendants were legitimate business men through testimony of two witnesses in prosecution for misapplication of bank funds and related offenses).

Finally, none of the proposed character witnesses could testify about the actual events that took place at the time of the offense.  A defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant. *Millender v. Adams,* 187 F. Supp. 2d 852, 877 (E.D. Mich. 2002).  Much of the proposed character testimony from petitioner's friends, family, or neighbors would have been to the effect that petitioner had never acted inappropriately towards their children.  However, the fact that petitioner never sexually abused any of his character witnesses' children would not have proven that he did not sexually assault the victim in this case, thus, defeating his claim that counsel was ineffective for failing to call these character witnesses to testify on his behalf. *See Adams v. Smith,* 280 F. Supp. 2d 704, 722-23 (E.D. Mich. 2003).  Petitioner is therefore not entitled to habeas relief on his claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002); *Millender,* 187 F. Supp. 2d at 880.

The Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to his claim.

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager